UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH REYNOLDS : | |
|     Petitioner : | CIVIL ACTION  NO.  07-cv-663 (RJL) |
| : | |
| v. : | |
| : | |
| JONATHAN C. MINER, et al. : | |
|     Respondents : | |

### UNITED STATES' MOTION TO DISMISS PETITIONER'S
### PETITION FOR WRIT OF HABEAS CORPUS

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to dismiss the petitioner's pro se petition for a writ of habeas corpus.  For the reasons set forth below, the petitioner's petition should be dismissed because the petitioner has an adequate and effective remedy in the District of Columbia Superior Court.

### BRIEF PROCEDURAL HISTORY

    On August 10, 1988, petitioner was indicted in a three-count indictment, in Superior Court Case No. F-8037-88, charging Armed Robbery, in violation of 22 D.C. Code §§ 2901, 3202 (Count D); Destroying Property, in violation of 22 D.C. Code § 403 (Count E); and Carrying a Pistol Without a License, in violation of 22 D.C. Code § 3204 (Count F).[1]  A trial was held in this case, and petitioner was subsequently found guilty of all of the offenses charged in the indictment.   On January 31, 1989, petitioner was sentenced to the following terms of imprisonment: 1) 15 years to life for Count D (Armed Robbery); and 2) 40 months to 10 years for Counts E and F, which were to be served concurrently to each other and consecutively to

---

[1] Citations are to the 1988 Edition of the D.C. Code.

Count D.  See Attachment A (Judgment and Commitment Order, January 31, 1989).  Petitioner timely noted an appeal in this case; however, his convictions were affirmed by the D.C. Court of Appeals on March 14, 1991.  See Reynolds v. United States, 587 A.2d 1080 (D.C. 1991).

On March 26, 2007, petitioner's petition for a writ of habeas corpus was filed in the U.S. District Court for the District of Columbia.  In his petition, petitioner argues that his custody is unlawful for the following reasons: 1) the indictment that was filed against him in Criminal Case No. F-8037-88 is void because the Grand Jury was not presented with sufficient evidence to support the charges that were contained in it; and 2) the Judgment and Commitment Order is void due to the trial court's lack of subject matter jurisdiction over his case.  However, for the reasons for set forth below, the petitioner's petition should be dismissed because D.C. Code § 23-110 provides an adequate remedy for his claims.

## ARGUMENT

**I.     Petition Should Be Dismissed Because Petitioner Has Failed to Demonstrate That His Local Remedy Is Inadequate or Ineffective**

Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act. . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court–the Superior Court–pursuant to D.C. Code § 23-110."); Garris v. Lindsay, 794 F.2d 722, 725-26 (D.C. Cir.) (per curiam) (same, and noting that a defendant who does not succeed in his or her motion for post-relief may appeal to the District of

Columbia Court of Appeals), cert. denied, 479 U.S. 993 (1986).

In fact, to the extent that D.C. Code § 23-110 is available to a District of Columbia defendant as a habeas remedy, it is largely an exclusive remedy. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (recognizing this aspect of D.C. Code § 23-110). As stated in D.C. Code Section 23-110(g), neither the Superior Court nor any other court may entertain an application for a writ of habeas corpus if the defendant failed to seek relief or was denied relief under Section 23-110, unless the remedy offered by that statute is inadequate or ineffective.[2] Thus, "a District of Columbia prisoner has no recourse to federal judicial forum unless the local remedy [23-110] is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra, 794 F.2d at 726; Hicks v. Williams, 2005 WL 3560678 at *2 (D.D.C. Dec. 28, 2005); see also Swain v. Pressley, 430 U.S. 372, 377, 381 (1977) (recognizing that Section 23-110 includes an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court, unless it appears that the remedy under 23-110 is inadequate or ineffective).

In the instant case, this Court can only have jurisdiction over the petitioner's petition for a writ of habeas corpus if the petitioner can show that the remedy available under Section 23-110

---

[2]D.C. Code § 23-110(g) provides:
>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

is inadequate or ineffective. The petitioner cannot make this showing.[3] The fact that the petitioner did not avail himself of this remedy or that his claims may now be procedurally barred under 23-110 is not dispositive.[4] Instead the relevant question is whether the remedy itself is effective. See Garris, supra, 794 F.2d at 727 (explaining that "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative"); see also Byrd, supra, 119 F.3d at 38 (fact that defendant cannot successfully raise claim through Section 23-110 motion does not necessarily render the remedy inadequate or ineffective); Hicks, supra, 2005 WL 3560678 at *2 ("A prisoner's lack of success in a collateral attack of his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective."); Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 at *2 (D.D.C. Nov. 14, 2005) (fact that petitioner was procedurally barred from re-litigating issues raised on direct appeal, issues not

---

[3] A remedy is inadequate and ineffective if it denies a defendant "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In Re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (emphasis in original and internal quotation marks and citation omitted); see also Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (surveying cases discussing the inadequate or ineffective standard under Section 2255 and holding that Section 2255 is inadequate or ineffective only for claims (1) that are based on "retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) that are "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion"). The petitioner in the instant case does not meet the requisite standard.

[4] The D.C. Court of Appeals affirmed petitioner's convictions for the following reasons: 1) the trial court's refusal to sever petitioner's case from his co-defendant on the basis of irreconcilable defenses was not reversible error; 2) there was insufficient evidence to convict petitioner of aiding and abetting malicious destruction of property; and 3) the trial court's limitation of cross-examination did not violate confrontation clause of the U.S. Constitution. See Reynolds, supra, 587 A.2d at 1081. Because the petitioner did not bring his current claims pursuant to D.C. Code § 23-110 during the pendency of his direct appeal, these arguments are procedurally barred unless he demonstrates "both cause for his failure to do so and prejudice as a result of his failure." Head v. United States, 489 A.2d 450, 451 (D.C. 1985) (internal citations omitted); see also Vaughn v. United States, 600 A.2d 96, 97 (D.C. 1991); Shepard v. United States, 533 A.2d 1278, 1280 (D.C. 1987).

raised during pendency of direct appeal, or from filing a successive motion did not render D.C. Code § 23-110 an ineffective or inadequate remedy); Hudson v. United States, 1991 WL 241944 at *3 (D.D.C. Oct. 31, 1991) (petitioner failed to show that § 23-110 was an inadequate or ineffective remedy even for those claims not previously asserted by petitioner in his prior § 23-110 motions); Peoples v. Roach, 669 A.2d 700, 702 (D.C. 1995) (noting that "appellant's inability to bring his latest application for relief as a § 23-110 motion does not render the remedy under § 23-110 'inadequate or ineffective' within the meaning of § 23-110(g), and therefore does not permit the Superior Court or any other court to entertain his petition for a writ of habeas corpus").[5]

Furthermore, the federal courts of appeals consistently have held that 28 U.S.C. § 2255, the model for D.C. Code Section 23-110, and 28 U.S.C. § 2254 are not inadequate or ineffective merely because a motion under these provisions would have been procedurally barred. See, e.g., Poindexter v. Nash, 333 F.3d 372, 378 (2nd Cir. 2003) (articulating this rule), cert. denied, 540 U.S. 1210 (2004); Hernandez-Pauturi v. Bureau of Prisons, 221 F.3d 196, 2000 WL 628223 at *1 (D.C. Cir. April 25, 2000) (per curiam) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been denied permission to file a second or successive § 2255 motion, or because the petitioner is procedurally

---

[5] As to that question (whether Section 23-110 provides an adequate and effective remedy), the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit already have held that Section 23-110 provides an adequate and effective remedy because, inter alia, Superior Court judges are presumptively competent to decide federal constitutional issues, and the scope of the remedy under Section 23-110 is commensurate with habeas corpus (and with 28 U.S.C. § 2255). See Swain, supra, 430 U.S. at 382-84; Garris, supra, 794 F.2d at 726; see also Saleh v. Braxton, 788 F.Supp. 1232, 1232 (D.D.C. 1992) (noting that "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," and dismissing petition for habeas corpus for lack of jurisdiction).

barred from pursuing relief under § 2255."); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases).

It is clear that the petitioner's claims attacking the validity of his indictment and sentence are the kinds of claims routinely brought pursuant to D.C. Code § 23-110, and therefore there is no question that Section 23-110 provides an adequate and effective remedy for these post-conviction challenges to his conviction and sentence. See, e.g., Blair v. United States, 791 A.2d 52 (D.C. 2002) (affirming court's denial of 23-110 motion alleging an illegal sentence based on flawed indictment and ineffective assistance of trial counsel); Wu v. United States, 798 A.2d 1083 (D.C. 2002) (affirming court's denial of 23-110 motion challenging lawfulness of consecutive sentences and alleging ineffective assistance of counsel). Because D.C. Code § 23-110 provides the petitioner with an adequate and effective remedy, this Court lacks jurisdiction to consider the merits of the petitioner's petition for a writ of habeas corpus, and this petition should be dismissed for lack of subject matter jurisdiction. See Swain, supra, 430 U.S. at 377, 381 (recognizing that federal courts should not entertain petitions for habeas corpus from defendants serving sentences imposed by Superior Court if Section 23-110 provides an adequate and effective remedy); Garris, supra, 794 F.2d at 726 (same); see also D.C. Code § 23-110(g) (expressing the same jurisdictional rule).  Accordingly, the petitioner's federal habeas petition should be dismissed, because the petitioner has failed to demonstrate that his local remedy is inadequate or ineffective.

## **CONCLUSION**

WHEREFORE, it is respectfully requested for the above-stated reasons that the petitioner's petition be summarily dismissed because the petitioner has an adequate and effective remedy in the District of Columbia Superior Court, pursuant to D.C. Code § 23-110.[6]

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division


____/s/_____
TRICIA D. FRANCIS
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 457-800
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530
(202) 353-9870

---

[6] If the Court decides that D.C. Code § 23-110 is not an adequate and effective remedy, the government requests an opportunity to address the merits of the petitioner's claims at that time.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the United States' Motion has been electronically filed with the Court and has been served by mail upon the petitioner, Keith Reynolds, Registration No. 04135-000, USP Allenwood, P.O. Box 3000, White Deer, PA 17887, this 28th day of August, 2007.

                                                  _____/s/_____
                                                  Tricia D. Francis
                                                  Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KEITH REYNOLDS**          :
      Petitioner         :       CIVIL ACTION  NO.  07-cv-663 (RJL)
                            :
      v.                 :
                            :
**JONATHAN C. MINER, et al.** :
      Respondents        :

## ORDER

_____Upon consideration of petitioner's Petition for Writ of Habeas Corpus, the United States' Motion To Dismiss, and the entire record in this case, and for the reasons set forth in the United States' motion, it is this _____day of _____, 2007, hereby

**ORDERED** that the petitioner's Petition For Writ of Habeas Corpus is **DISMISSED** because petitioner has failed to demonstrate that his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention.

_____**SO ORDERED.**

                                                                            _____
                                                                            RICHARD J. LEON
                                                                            U.S. DISTRICT COURT JUDGE

Copies To:

Tricia D. Francis
Assistant United States Attorney
U.S. Attorney's Office for D.C.
Special Proceedings Division
555 4th Street, N.W.
Room 10-447
Washington, D.C. 20530

Keith Reynolds
Registration No. 4135-000
Allenwood U.S.P.
P.O. Box 3000
White Deer, PA 17887