UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 7 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

| | |
|---|---|
| KEITH REYNOLDS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 07-0663 (RJL) |
| ) | |
| JONATHAN MINDER, *et al.* ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus and the respondents' motion to dismiss. For the reasons stated below, the Court will deny the petition and grant the respondents' motion.

In January 1989 in the Superior Court of the District of Columbia, petitioner was convicted of armed robbery, destruction of property, and carrying a pistol without a license. Pet. at 1. That court imposed a sentence of 18 years' to life imprisonment. *Id.* The District of Columbia Court of Appeals affirmed the conviction. *Reynolds v. United States*, 587 A.2d 1080 (D.C. 1991). Here, petitioner challenges the validity of the grand jury indictment and his subsequent conviction on two ground: that there was insufficient evidence to support the criminal charges against him, and that the Superior Court lacked jurisdiction over the criminal case. See Pet. at 1, 8 & Attach. at 3.[1]

Petitioner's claims must be brought in the Superior Court by motion under D.C. Code § 23-110. *See Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per curiam). In relevant part, D.C. Code § 23-110 provides:

---

[1] Petitioner used a preprinted form for his petition to which he attached eight sequentially-numbered typewritten pages.

1



> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110(g)). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see Swain v. Pressley*, 430 U.S. 372, 375 (1977) (noting that procedure for collateral review of Superior Court convictions under § 23-110 "is comparable to that authorized by 28 U.S.C. § 2255 for the United States district courts"). It is not clear from petitioner's filings that he previously sought collateral review of his conviction in the Superior Court. Even if he had, the remedy under § 23-110 inadequate or ineffective "merely because [petitioner] was unsuccessful when he invoked them." *Wilson v. Office of Chairperson, District of Columbia Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner's remedy, if any, must be obtained in the Superior Court of the District of Columbia. Absent a showing that a remedy under D.C. Code § 23-110 is inadequate or ineffective, the petition for a writ of habeas corpus must be denied. An Order consistent with this Memorandum Opinion will be issued separately on this date.

Date: 12/5/07

RICHARD J. LEON
United States District Judge

2